IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 FEB -1  P 2: 46

CLERK'S OFFICE
AT BALTIMORE

BY _____

| | | |
|---|---|---|
| JAMES ADEYEMI | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-165 |
| EDUCATION TESTING SERVICES | * | |
| Defendant | * | |

***

## MEMORANDUM

The above-captioned complaint was filed on January 17, 2012, together with a motion to proceed in forma pauperis. ECF No. 2. Because he appears to be indigent, plaintiff's motion will be granted.

The complaint is filed against a non-profit corporation which administers and scores tests such as the GRE, which plaintiff attempted to take. *See* www.ets.org/about/who. Plaintiff, who is a permanent resident of this country but is not a citizen, asserts he was discriminated against on the basis of his nationality when he attempted to take a test administered by defendant. ECF No. 1. He states the purpose of this lawsuit is to determine if defendant's policy is unconstitutional. *Id.*

In order to successfully assert a claim of constitutional rights violation, the defendant must be a state actor. Specifically, the persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. The allegation against the non-profit corporation in the instant case is that it failed to follow its own policies regarding acceptable forms of identification. In limited circumstances, however, seemingly private conduct can be the subject of a §1983 suit. "[W]e have recognized four

exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). None of the acts or conduct alleged in the complaint fall within the four categories of conduct attributable to the state. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). The complaint must be dismissed. A separate order follows.

2/1/12
Date

James K. Bredar
United States District Judge