Case 1:12-cv-00165-JKB Document 8 Filed 03/28/12 Page 1 of 2

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 MAR 28 A 11: 59

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES ADEYEMI | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-165 |
| EDUCATION TESTING SERVICES | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

On February 24, 2012, this court issued an order granting plaintiff's motion to alter or amend and directing him to supplement the above-captioned breach of contract claim. ECF No. 6. Specifically, this court required plaintiff to clarify the amount of damages he claims and the factual basis for the damages sought. *Id.*

Plaintiff's supplemental pleading was filed on March 13, 2012. ECF No. 7. Plaintiff clarifies that he seeks $830 in compensatory damages for testing fees, application fees, travel expenses to obtain a new passport, fees for a new passport, and travel costs. *Id.* at p. 4. He also seeks unspecified damages for frustration and emotional distress, lost opportunity to enter a Ph.D. program, embarrassment, and inconvenience. *Id.* The unspecified damages are based on the allegation that an employee of defendant would not allow plaintiff to take a GRE exam without first presenting a valid passport.

As stated by this court previously, diversity jurisdiction over this breach of contract claim does not exist if the amount in controversy does not exceed $75,000. "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" *JTH Tax, Inc. v. Frashier*, 624 F. 3d 635, 638 (4th Cir. 2010), *quoting St. Paul Mercury Indem. Co. v. Red*

*Cab Co.*, 303 U.S. 283, 288 (1938). It is clear that the only damages sought by plaintiff that are not speculative are those sought for payment of fees. The unspecified damages sought for lost opportunities and emotional distress, given the nature of the alleged misconduct, are unlikely to be recovered and even more unlikely to equal an amount exceeding $74,000. Thus, the complaint must be dismissed for lack of jurisdiction.

A separate order follows.

March 27, 2012
Date

James K. Bredar
United States District Judge